**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:05CV200
(1:02CR100)**

| | | |
|---|---|---|
| **WILLIAM L. MORRELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion

pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

No response is necessary from the Government.

## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence

on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  **28 U.S.C. § 2255.**  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

On November 12, 2002, the Petitioner was charged in a bill of information[1] with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1343.  **Bill of Information, filed November 12, 2002.**

On November 19, 2002, the Petitioner "in person and through counsel" entered into a plea agreement with the Government wherein he agreed to plead guilty to the charge contained in the bill of information.  **Plea Agreement, filed November 19, 2002, at 1.**  The plea agreement set forth the statutory maximum sentence for the offense to which the

---

[1] Defendant waived prosecution by way of indictment.  ***See* Waiver of Indictment, filed November 20, 2002.**

Petitioner was entering a plea. In addition, the Government agreed to a three-level reduction in the offense level provided the Petitioner acknowledged his role in all the relevant criminal conduct and assisted the authorities in the investigation, subject to limitations noted within the agreement. *Id.*, **at 2**. The Petitioner further agreed that his sentence would be within "the applicable Sentencing Guidelines range" and that "the Court in its discretion will determine the exact point within that range." *Id*.

On November 20, 2002, the Petitioner appeared before the Magistrate Judge for a Rule 11 hearing and entered his guilty plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed November 20, 2002.** After being placed under oath by the Magistrate Judge, the Petitioner made the following representations: that he had reviewed the bill of information and the plea agreement with his attorney; that his mind was clear and his purpose was to enter his plea of guilty; that he understood the maximum punishment for the offense charged; he understood the elements of the offense the Government would be required to prove beyond a reasonable doubt if there had been a trial in the matter; that the Court would be required to consider the applicable Sentencing Guidelines with limited right of departure; that by pleading guilty, he understood he

was waiving his right to a jury trial; that he was pleading guilty because he was in fact guilty of the offense; that his plea of guilty was "voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement;" that he was "entirely satisfied with the services of his attorney;" that he had reviewed the Sentencing Guidelines with his attorney and understood how they may apply to his case; and that he had no questions or comments regarding the proceeding and asked the Court to accept his guilty plea. ***See generally*, Rule 11, *supra.*** As is the custom in this Court, the Magistrate Judge completed the Rule 11 form and recorded the Petitioner's answers to the questions; the Petitioner and his attorney then signed the Rule 11 form, and the Petitioner's guilty plea was accepted by the Court. ***Id.*, at 8-9.**

Petitioner's presentence report shows that he graduated from Fishburne Military Academy in May 1968 and attended Belmont Abbey College. Although he dropped out of college after a year, he subsequently earned a real estate certificate in 1982. **Presentence Investigation Report, dated January 12, 2003 and revised March 1, 2004, at 22.** The extensive criminal history set forth in the presentence report resulted in a criminal history category of IV. ***Id.*, at 19.** It was also noted in both the

presence report and during Petitioner's Rule 11 inquiry, that he was
taking muscle relaxants and prescription medication for a biopolar
condition. ***Id.*, at 27-28; Rule 11 Inquiry, at 2-3.** Nevertheless, the
Petitioner assured the Magistrate Judge at the Rule 11 hearing that his
mind was clear and he understood what he was doing. **Rule 11, at 2.**

On April 29, 2004, the Petitioner was sentenced to a term of 60
months imprisonment as permitted by law and as acknowledged by the
Petitioner at his Rule 11 hearing and in his plea agreement. Petitioner did
not file a notice of appeal nor does he contend he requested counsel to do
so.

### III. DISCUSSION

To the extent that the Petitioner raises grounds based on anything
other than ineffective assistance of counsel or prosecutorial misconduct,
he waived his right to raise such issues in a motion pursuant to § 2255 in
his plea agreement. Based on the Petitioner's plea agreement, his
signature on the Rule 11 Inquiry, the advice he received from the Court at
the Rule 11 hearing, and his representations in open court during that
hearing, the Court finds Petitioner made a knowing and voluntary waiver of

the right to attack his conviction or sentence by a collateral proceeding such as a § 2255 motion except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.  Petitioner does not contend there was any prosecutorial misconduct.  ***See, United States v. Lemaster*, 403 F.3d 216, 220-21 (4th Cir. 2005) ("[W]e hold that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary. . . .  [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (internal quotations and citations omitted)); *United States v. General*, 278 F.3d 389 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994); *see also, United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (holding that the Government as well as the defendant should receive the benefit of a binding plea agreement).**

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance
> was deficient.  This requires showing that counsel made errors
> so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

*Strickland v. Washington*, **466 U.S. 668, 686 (1984).**  Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail.  *Id.*  Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different.  *Id.*, **at 688;** *Hill v. Lockhart*, **474 U.S. 52 (1985);** *Fields v. Attorney Gen.*, **956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).**  If the defendant fails to make the first showing, there is no need to consider the second. *Strickland, supra*.

Petitioner contends he was "previously denied effective assistance of counsel and this is the first opportunity [he has] had to raise this claim."

**Petitioner's Motion, at 10.** He seeks a "three-level reduction in his base offense level for acceptance of responsibility." *Id.*, **at 13.**

In his plea agreement, the Petitioner acknowledged that he could receive up to a three-level decrease in his offense level for his timely cooperation with the Government and notification of his intention to enter a plea. **Plea Agreement, at 2.** The agreement makes clear, however, that the final offense level was to be determined by the Probation Office and the Court.

> The defendant is aware that if the Probation Office determines that a different offense level or a Guideline not addressed in this agreement applies, and the Court finds that the Probation Office is correct, then the Court will use that offense level or Guideline in determining the sentence.

*Id.* In the revised presentence report, the Probation Office determined that the Petitioner was not entitled to any decrease in the offense level for his acceptance of responsibility. **Presentence Investigation Report, revised March 1, 2004, at 13.** The Probation Officer noted that the Petitioner's adjustment to pretrial "supervision [was] less than satisfactory due to Morrell having problems with securing employment, maintaining a steady residence, and *continuing to engage in fraudulent conduct.*" *Id.*, **at 4 (emphasis added).** The Court found this determination to be correct for

the reasons stated in the presentence report as well as the Probation Officer's responses to the objections filed thereto.  **_See_ Defendant's Objections to Presentence Investigation Report, dated February 23, 2004, at 3; Addendum to the Presentence Report, at 30-31.**  As a result, and in accordance with the terms of the plea agreement, the Court found an offense level of 22, criminal history category IV, and a corresponding Guidelines sentencing range of 63 to 78 months imprisonment to be correct.  However, the statutory maximum sentence allowable was 60 months imprisonment and such sentence was imposed herein.  **18 U.S.C. §§ 1343, 371; U.S.S.G. § 5G1.1(a).**

Petitioner repeatedly contends that his trial counsel failed to call to the Court's attention the fact that a state criminal charge for conduct similar to that alleged in the bill of information and related to conduct occurring during his pretrial release had been dismissed by the state thus making such conduct a civil matter rather than a criminal charge.  **_See_ Petitioner's Memorandum of Law, _attached to_ Petition, at 2-4 ("Counsel was ineffective when he failed to obtain available state court documents showing that at the time of [his] federal sentencing hearing his state charge had already been dismissed.").**  This was of no moment in the

Court's final decision in passing sentence. What was relevant, however, was the fact that while on bond, the Petitioner had returned to his prior practice of fraudulent conduct, and such conduct must be taken into consideration whether it is prosecuted criminally or *via* civil lawsuit. ***See,*** **U.S.S.G. § 3E1.1, comment. (n.1(b)) (voluntarily withdrawing from similar conduct or association);** *see also*, **Presentence Report, at 4 ("Pretrial Supervision Adjustment");** *id.*, **at 5-12 (outline of prior similar conduct).**

Contrary to Petitioner's allegations of ineffective assistance, his trial counsel vigorously defended Petitioner's right to a three-level decrease in his offense level arguing both law and facts in support thereof. He filed 17 objections to the Presentence Report relating to practically every issue contained therein. **Petitioner's Objections to the Presentence Report,** ***supra***. He made certain that his reasoning for each objection was fully understood. Counsel is an experienced and respected trial attorney; far from being incompetent or ineffective, he did an outstanding job on behalf of his client. In the final analysis, Petitioner's representation by his attorney was made more difficult by Petitioner's own misconduct while on pretrial release. "The *Strickland* standard is a difficult hurdle to overcome,

as courts 'indulge a strong presumption that counsel's conduct falls within [a] wide range of reasonable professional assistance.'" ***Soto-Lara v. United States***, **367 F.Supp.2d 189, 192 (D. Mass. 2005) (quoting *Strickland*, at 689).**

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**  A Judgment is filed herewith.

Signed: September 13, 2006

Lacy H. Thornburg
United States District Judge